IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALICIA KILLION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08-CV-0679-MJR |
| | ) |
| ALLSTAR MOTORS, SCHMITT | ) |
| CHEVROLET, INC., STATE FARM | ) |
| COMPANIES FOUNDATION, | ) |
| GENERAL MOTORS, INC., and | ) |
| UNKNOWN CAR DEALER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On September 30, 2008, Defendant General Motors removed the above-captioned action to this federal District Court (Doc. 8). The notice of removal claimed that federal subject matter jurisdiction lies in this action under the diversity statute, **28 U.S.C. § 1332.** Specifically, General Motors alleged that the two non-diverse defendants—Schmitt Chevrolet and State Farm—were dismissed by the state court. Additionally, General Motors argued that Allstar Motors was improperly joined because it does not exist and that the "unknown car dealer" is fictitious. The plaintiff has never contested these allegations or otherwise challenged subject matter jurisdiction in this Court.

Nonetheless, the docket sheet continues to show Allstar Motors, Schmitt Chevrolet, State Farm, and the unknown car dealer as defendants in this action. The Court is unable to confirm from the docket sheet whether these defendants have been served, but even if they have been served, no defendant but General Motors has appeared by answer or otherwise.

1

Accordingly, **NOTICE IS HEREBY GIVEN** to Plaintiff that Allstar Motors, Schmitt Chevrolet, State Farm, and the unknown car dealer will be dismissed by the Court for failure of Plaintiff to properly prosecute unless action is implemented by July 29, 2009 to effectuate service, or if properly served, proceed to default followed by default judgment.

**IT IS SO ORDERED.**

**DATED this 8th day of July 2009**.

**s/ Michael J. Reagan**
**Michael J. Reagan**
**United States District Judge**